FILED
IN DISTRICT COURT

AUG 16 2022

RENEE BRYANT, Court Clerk
Carter County, Oklahoma

### IN THE DISTRICT COURT OF CARTER COUNTY
### STATE OF OKLAHOMA

IMTEC REAL ESTATE LLC,                )
                                      )
    *Plaintiff,*                         )
                                      )
v.                                    )     CASE NO. CJ-22-168
                                      )
SECURITY NATIONAL INSURANCE           )
COMPANY,                              )
                                      )
    *Defendant.*                         )

## PETITION

COMES NOW Plaintiff Imtec Real Estate LLC, and for its causes of action against Defendant Security National Insurance Company, states:

### JURISDICTION AND VENUE

1. Plaintiff Imtec Real Estate LLC ("Plaintiff") is a limited liability company with its principal place of business in Ardmore, Carter County, Oklahoma.

2. Defendant Security National Insurance Company ("Defendant") is an insurance company with its corporate headquarters and principal place of business in Delaware. Defendant is licensed to engage in the business of insurance in the State of Oklahoma, including in Carter County; and at all material times did so.

3. The real property which is at issue in this case (the "Property") is located at 2401 N. Commerce St., Ardmore, OK 73401 in this County.

4. The events from which this lawsuit arose occurred at the Property in Ardmore, Carter County, Oklahoma.

EXHIBIT
**2**

5. The District Court in and for Carter County has jurisdiction over the parties hereto and over the subject matter of this case. Venue properly lies in this Court under 12 O.S. §§ 137 and 187.

**FACTS**

6. Plaintiff hereby adopts and realleges each of the facts and allegations set forth in paragraphs 1-5 above.

7. Plaintiff owns the Property, which was damaged by a hailstorm on or about August 16, 2020.

8. Plaintiff was the named insured under a "Commercial Policy" of insurance with number SPP1777542 01 (the "Policy"). The Policy provided insurance against risk of direct loss to the Property. The hailstorm in issue occurred during the periods during which the Policy was in effect.

9. The hailstorm in issue caused the damage to the Property.

10. Thereafter, Plaintiff's timely notified Defendant of the loss and initiated a claim under the terms of the Policy.

11. Defendant engaged in independent insurance adjustment firm, John T. Parker Claims ("Parker Claims") to investigate Plaintiff's loss.

12. With the assistance of Parker Claims, Defendant estimated the loss on March 11, 2021, to be only $65,346.56 (after deducting an estimate of depreciation and the deductible amount under the Policy)

13. Plaintiff had the damage assessed by a licensed public adjuster, Elliot Claim Service LLC ("Elliot Claims"). On or about June 17, 2021, Elliot Claims, estimated the loss value to be $579,640.95.

14. On January 3, 2022, Defendant retained Cavalry Construction & Restoration to provide a repair estimate for Plaintiff's property loss. This second firm assessed the actual cash value of Plaintiff's damage at $191,900.53. Although significantly higher than Defendant's original estimate, this amount was still inadequate to place Plaintiff in its pre-loss condition.

15. In its handling of Plaintiff's claim, Defendant breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits for the covered damage to Plaintiffs' home at a time when Defendant knew that Plaintiff was entitled to those benefits;

   b. failing to properly investigate Plaintiffs' claim and to obtain additional information both in connection with the original refusal and following the receipt of additional information after reinspection of the Property;

   c. refusing to honor Plaintiff's claim in some instances for reasons contrary to the standard insurance industry claims handling standards, express provisions of the policy, and/or Oklahoma law;

   d. refusing to honor Plaintiff's claim in some instances by applying restrictions not contained in the Policy;

   e. refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the Policy;

   f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claim arising under these policies, to include Plaintiff's claim;

g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

h. forcing Plaintiff, pursuant to Defendant's standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

i. failing to properly evaluate any investigation that was performed;

j. failing and refusing to properly investigate and consider the insurance coverage Defendant's agent promised to its insured;

k. forcing the insured to hire an attorney to obtain proper payment of property claims;

l. delaying payment of certain benefits; and

m. refusing to consider the reasonable expectations of the insured and beneficiaries; all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to Defendant.

16. Defendant acted unreasonably and in bad faith in delaying, denying and underpaying Plaintiff's claims.

17. Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

18. As a result of Defendant's actions, Plaintiff has suffered damages in excess of seventy-five thousand dollars ($75,000.00).

WHEREFORE, Plaintiff prays for judgment against the Defendant and for money damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, plus punitive damages in excess of $75,000.00, together with interest, costs, and all other relief which this Court deems just and equitable.

Respectfully submitted,

*[Signature]*

Simone Fulmer Gaus, OBA #17037
Jacob L. Rowe, OBA #21797
Andrea R. Rust, OBA #30422
FULMER SILL, PLLC
1101 N. Broadway Ave., Suite 102
Oklahoma City, OK 73103
Phone: (405) 510-0077
Fax:     (800) 978-1345
Email: sfulmer@fulmersill.com
          jrowe@fulmersill.com
          arust@fulmersill.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**