UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IMTEC REAL ESTATE LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-22-807-G |
| ) | |
| ) | |
| **SECURITY NATIONAL** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

# ORDER

On August 16, 2022, Plaintiff Imtec Real Estate LLC filed this civil action against Defendant Security National Insurance Company in the District Court of Carter County, Oklahoma. *See* Pet. (Doc. No. 1-2). On September 13, 2022, Defendant removed the action to this Court, alleging diversity of citizenship between the parties. *See* Def.'s Notice of Removal (Doc. No. 1) at 2. Plaintiff did not seek remand or otherwise object to the removal.

Carter County, Oklahoma, lies within the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Accordingly, this action should have been removed to the United States District Court for the Eastern District of Oklahoma rather than to this Court. *See id.* §§ 1441(a), 1446(a); *Kirk Fam. Revocable Tr. v. Flint Ridge Prop. Owners Ass'n*, No. 08-CV-68, 2008 WL 5060209, at *2 (N.D. Okla. Nov. 20, 2008).

"[R]emoval to the wrong district is . . . a procedural defect," "rather than a jurisdictional defect." *Kirk Fam. Revocable Tr.*, 2008 WL 5060209, at *2. "This type of procedural defect can be cured by transfer to the correct district under 28 U.S.C. § 1406(a).

It does not warrant remand or dismissal when it may be transferred instead." *Freeman v. Hartford Life & Accident Ins. Co.*, No. 10-CV-31, 2010 WL 2264927, at *1 (N.D. Okla. June 4, 2010).

Accordingly, on November 8, 2022, the Court ordered as follows: "Any party who objects to the transfer of this action to the United States District Court for the Eastern District of Oklahoma is directed to show cause in writing, within seven (7) days of the date of this Order, why such transfer should not be ordered. Absent a showing of such cause, this action shall be transferred pursuant to 28 U.S.C. § 1406(a)." Order of Nov. 8, 2022 (Doc. No. 15) at 2.

As of this date, no party has filed a written response or sought additional time to do so. The relevant authorities and the current record reflect that is "in the interest of justice" to transfer this matter to the Eastern District of Oklahoma. 28 U.S.C. § 1406(a); *see Freeman*, 2010 WL 2264927, at *1. This case therefore shall be transferred to the correct district court.

## CONCLUSION

For the foregoing reasons, this matter is TRANSFERRED to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED this 29th day of November, 2022.

CHARLES B. GOODWIN
United States District Judge